Morgan, J.
On the twenty-fifth of March, 1875, judgment was signed in the case of Ellen Murray, tutrix, etc., v. The Pontchartrain Railroad Company, in favor of the plaintiff, for ten thousand five hundred dollars and costs.
On the twenty-sixth of March plaintiff and defendant, through their respective counsel, agreed that the defendant’s right to a suspensive appeal should be extended for the term of sixty days from that date. On the thirtieth of March this agreement was entered upon the minutes of the court, and granted.
On the twenty-fifth of May, 1875, defendants moved the court for a suspensive appeal from the judgment rendered on the twenty-fifth day of March preceding. The motion was granted on the same day, upon the condition that the defendant should furnish bond and security, conditioned as the law directs.
On the same day bond was furnished for $16,050.
On the twenty-sixth of May, 1875, plaintiffs moved the court to set aside the appeal, in so far as it was suspensive, upon the grounds:
First — That the surety on the appeal bond is not good and solvent.
Second — That the amount of the appeal bond is insufficient.
Third — That by the agreement of the twenty-sixth of March, 1875, defendants had acquiesced in the judgment.
Fourth — That the legal delay for a suspensive appeal had expired.
*698 Fifth — -That the delay granted in the agreement of the twenty-sixth of March had expired previous to the filing of the motion for and bond of appeal.
Sixth — That the agreement is not binding upon plaintiff, as defendants have not complied with, but on the contrary have violated the letter and spirit of the agreement.
The district judge was of the opinion, as we gather from his answer:
First — That the surety on the appeal bond was not good and solvent.
■ Second — That the delay within which a suspensive appeal may be taken being fixed by law, it is a matter of public • policy and is not susceptible of change by agreement between parties; that the delay fixed by law for the taking of a suspensive appeal had expired before defendant’s appeal was asked for; and that the extension provided for in the agreement appeared to have been obtained for purposes different from those stipulated in the agreement, and were suggestive of fraud on the part of the appellant.
For these reasons the district judge declared that the appeal was devolutive only. Hence this application for a writ of prohibition.
Third — The question of acquiescence is not suggested either in the answer or in the brief of the defendant herein.
Our only concernment is, first, with the bond. Is it good in quality and amount1? Second, was the appeal applied for in time to give it a suspensive effect 1
First — The property of the surety on the bond is all personal property, but this is no objection. Estimating his property at its honest value we think he is worth, according to the testimony, at least $35,000. His debts amount to about $10,000. This would leave him solvent in the sum of $25,000, or more than the amount of his liability.
Defendant in rule contends that the surety is not worth the amount which we have stated. But her objections are deductions, not facts. For instance, she says that much of his property is pledged to secure some $8000 of debt, and that the entire amount pledged must be deducted from his assets. Not so. The property pledged is still his, and if it were sold to. pay the debt for which it stands as security, the uncontradicted evidence is that it is worth the amount fixed by us. We are therefore justified in saying that it would fetch that amount. This would leave a balance which, added to the amount he has in hand, would be sufficient to pay the bond, should the judgment appealed from be affirmed.
She further contends that the surety is also surety on another bond for $5000, and that this sum should be deducted from his assets. Giving her the benefit of this position — with regard to which, however, we express no opinion, still, according to the value which we think the *699 record discloses liis property possesses, he has enough to pay both bonds should judgment go against him.
Is the bond sufficient in amount? The verdict was for $10,500 and costs. The judgment followed the verdict. Should the judgment be affirmed, what amount will the defendants have to pay? Ten thous- and five hundred dollars, with the accrued costs.
The bond required to suspend the execution of a judgment is “ for a sum exceeding by one-half the amount of such judgment.” C. P. 575. One-half of $10,500 is $5,250. Therefore the bond required by law in this case would be $15,750. The bond is for $16,050, or $300 more than the law requires, and leaving that sum for costs, if costs are to be included in the bond. In amount, therefore, the bond is sufficient.
Second — Was the appeal applied for in time to give it a suspensive effect ?
Article 575 of the Code of Practice provides that if the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit,-when such notice is required by law, it shall stay execution and all further proceedings, until definitive judgment be rendered on the appeal; provided the appellant gives his obligation, with good and solvent security, residing within the j urisdiction of the court, in favor of the clerk of the court rendering the judgment, for a sum exceeding by one-balf the amount for which the judgment was given, etc.
We have not been enlightened upon the question before us by the authorities cited from our own courts upon the subject before us. The rule, or rather the law which we have quoted above, is general, that a suspensive appeal must be applied for within ten days from the notification of the party cast of the judgment complained of. And this is what was decided in the State v. Buchanan, 13 L. 576, and many other cases.
But what we have to decide is, whether or no the requirements of the Code of Practice (575) are prohibitory ? We do not think they are. And we understand the law to be that any engagement not prohibited by law, and not repugnant to good morals, may be enforced between the parties thereto.
Now, the article 575 of the Code of Practice says that the application for a suspensive appeal is to be made within ten days, but it does not say that parties may not agree that the timé for making the application may not be extended; it provides that the bond to be furnished shall be one-half over the amount of the judgment, but it does not prohibit parties from fixing the amount of the bond among themselves. These provisions are made for the protection of the party in whose favor a judgment has been rendered, and for the purpose of giving to *700 the party cast an opportunity of taking the necessary steps for obtaining an appeal from a judgment which would otherwise become executory. Either party may waive his rights to this protection, and if he chooses to do so, and contracts to do so, his contract can be enforced.
The proposition advanced by the respondent that the district judge has the power of pronouncing on the question whether the appeal is or shall be suspensive or devolutive, and of saying whether the appellee shall be entitled to take out execution, notwithstanding the appeal, is supported by authority. Stanton v. Parker, 2 R. 551. We do not dispute it. But this is a judgment of the district court, which we may reform, when the case is within our jurisdiction, and we may determine that an appeal is suspensive which the district judge may have decided was devolutive.
So the lower court is competent to determine the sufficiency of the surety, and when the security is not good and solvent, a writ of prohibition will not issue restraining execution pending the appeal. 21 An. 178. Of course, when the security is n.ot good a writ of prohibition will not issue. But it will issue if the surety is good and solvent, and whether he is good and solvent or not, we have the power to decide. Neither do we find any difficulty in adhering to the decision in the case of the State v. Judge of the Fourth District Court, 22 An. 115, which declares that where a bond is insufficient for a suspensive appeal, execution may issue pending the appeal. But the revolving question constantly recurs, was the bond insufficient? And this question it is our province and duty, when called upon, to decide.
Marcadé, the authority relied on by the respondent (Marcadé, de la Prescription, pp. 27, 28), is of the opinion that a renunciation of prescription, as regards the right of appeal, can not be enforced. He cites several authors in support of his position, as well as others who are opposed to him. If the question before us was whether or no a litigant, before judgment pronounced, could renounce the right of appeal, and we had no authority at band, we would be obliged to consider the arguments of the respective commentators alluded to by him, and give our judgment where, in our opinion, the reasons were strongest. f
But this is not the case before us. We are not considering whether a litigant has the right to renounce the right of appeal, either before or after judgment. We are simply called upon to say whether a party in whose favor a judgment has been rendered, can consent that the party against whom it is rendered shall have sixty days in which to make an application for a suspensive appeal, instead of the ten days stipulated by the Code of Practice. We think he may. Considering, therefore,
*701 First — That the surety on the appeal bond is good for the amount thereof j
Second — That the amount of the bond is sufficient;
Third — That the application for a suspensive appeal was made within the time agreed upon by the parties in interest, and that they were authorized to make the agreement.
It is therefore ordered that the rule herein issued be made peremptory.
Ludeling, C. J., concurring in the decree.
Howell, J , concurring in the decree.